XIAO GAN CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondents.

No. 06–5465–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Dehai Zhang, Flushing, NY, for Petitioner.

Michael J. Sullivan, United States Attorney; Michael Sady, Assistant United States Attorney, Boston, MA, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Gan Chen, a citizen of the People's Republic of China, seeks review of a November 13, 2006 order of the BIA, affirming the August 11, 2002 decision of Immigration Judge ("IJ") Robert D. Weisel, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiao Gan Chen*, No. A77 957 242 (B.I.A. Nov. 13, 2006) *aff'g* No. A77 957 242 (Immig. Ct. N.Y. City Aug. 11, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, Chen does not argue that the agency erred by denying his withholding of removal or CAT claims. Accordingly, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). But, when the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA agreed with the result that the IJ reached but for entirely different reasons. As such, we review only the decision of the BIA.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v.*

*INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006).

■ Here, the agency's finding that Chen did not meet his burden of proof is supported by substantial evidence. Chen argues that he is eligible for asylum because he violated China's family planning policy by marrying below the legal age, and having an unauthorized child. Although the agency's finding rested, in part, on the fact that Chen was not legally married, we need not review this finding. Regardless of whether Chen was married at all, he did not establish eligibility for relief. *See* 8 U.S.C. § 1101(a)(42).

Although an unmarried applicant can establish eligibility for relief based on "other resistance" to China's family planning policy, the BIA did not err in finding that Chen did not suffer past persecution or that he failed to demonstrate a well founded fear of future persecution in China. *See Matter of S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006). Indeed, Chen has waived any argument that he suffered past persecution by failing to make such a claim in his brief to this Court. *Yueqing Zhang*, 426 F.3d at 541 n. 1. To the extent that he claims that the BIA erred in concluding that he did not have a well founded fear, such an argument is unavailing. As the BIA found, Chen presented no evidence that would indicate that the authorities have "any continued or present interest in [him] for any reason."

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.